# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT of APPEALS CASES

No. 145

### AUGUST W. TANK v. JANUARY COUSINO

Ohio Court of Appeals, Lucas County

No. 1261, Jan. 15, 1923

This Opinion Has Received No Prior Publication

Error to Lucas Common Pleas

#### EPITOMIZED OPINION

CHITTENDEN, J.:

Tank had purchased from Cousino certain muskrat skins, as the agent for Silberman & Sons, a fur house in Chicago. Prior to the purchase involved in controversy in this suit, he had also sold a former lot of furs to Tank. The money in this instance was to be deposited in a Toledo bank. Tank claimed that Cousino sold and represented that the furs were all northern muskrats, when on final inspection in Chicago, it appeared as was claimed that a great part of them were southern caught muskrats. The court charger the jury, among other things: "Upon the other hand, if Tank was the agent of Silberman & Sons, but did not disclose that fact to Cousino, or Cousino did not know of the fact; then Tank is personally liable on the purchase price thereof, and the burden of proof of claim made by the defendant in his answer is on the defendant. The defendant must prove by preponderence of evidence the material allegations in his answer." Held:

1. That both of the foregoing instructions were erroneous because the burden was upon the plaintiff to prove his cause of action by preponderence.

2. That the court failed to give any effect to the law of warranty, the burden was upon Tank to prove that he was acting only as an agent, but the burden was upon Cousino to prove that the goods were sold to Tank as an individual and not as an agent.

3. That Tank was not required to make a thorough inspection; and had a right to rely upon the warranty and representation that the muskrats were northern grown, as he was not required to make a close inspection, as if there was no warranty. Judgment reversed.

Attorneys—Tyler, Forthup & McMahon, for plaintiff in error; Marshall & Fraser, for defendant in error.

No. 146

### AMERICAN ENGINEERING v. INTERNATIONAL STEEL CO.

Ohio Court of Appeals, Lucas County

No. 1275, Jan. 29, 1923

This Opinion Has Been Published in The Abstract Only

DAMAGES—(1) Not limited to loss of profit in breach of contract.

Error to Court of Common Pleas

RICHARDS, J.:

The Steel Co. had a written contract with the Engineering Co. by the terms of which the Steel Co. was to manufacture certain structural steel in accordance with specifications for the price of $11.486. The Steel Co. proceeded to, fabricate over 64,000 pounds of steel, cutting some of it into pieces which were of little value unless used by the Engineering Co. Expensive drawings were also made which were of no value unless the contract was carried out. The evidence shows that the Steel Co. would have made a profit of $831 if the contract had been completed. Damages were given the Steel Co. in the lower court for $5361, which amount is claimed by the Engineering Co. to be excessive. Held:

1. Damages for breach of contract are not confined to the loss of profit which the seller expected to make, but may include the loss and necessary expense incurred in the partial performance of the contract.

Attorneys—Wm. F. Miller and John S. Pratt, for the Engineering Co.; Lewis B. Hall and W. B. Devlin, for the Steel Co.

No. 147

### COLUMBIA CHEMICAL CO. v. EMMONS

Ohio Court of Appeals, Summit County

No. 655, Dec. 20, 1922

This Opinion Has Not Been Published Elsewhere

WORKMEN'S COMPENSATION—(1) General statutes of limitations not applicable to Workmen's Compensation Law—(2) Question as to accident or occupational disease to be determined by jury.

#### EPITOMIZED OPINION

Error to Court of Common Pleas

PARDEE, J.:

John Emmons, an employe of the chemical company, while engaged in his employment, became unconscious and later died. Jennie Emmons, his widow, claimed compensation under the workmen's compensation law but the application was refused. March 18, 1920, Jennie Emmons filed an appeal and March 29, 1920, brought suit against the chemical company. Later, in an amended petition, the Ohio Industrial Commission was made joint defendant. The court dismissed the amended petition but the appeal was not dismissed. A new petition, filed April 23, 1921, made the chemical company and the Industrial Commission joint defendants and in trial of the case judgment was rendered against the chemical company.

The chemical company claims that since more than 30 days elapsed between the filing of the appeal and the filing of the petition on April 23, 1921, the court erred in not sustaining an demurrer to the petition. The chemical company also claims that the cause of Emmon's death was not an accident within the meaning of the workmen's compensation act but an occupational disease, that is, the continued inhalation of noxious vapors. Held:

1. Since proceedings under the workmen's compensation law are not considered civil actions, the general statutes of limitations do not apply. The court may for good cause extend the 30-day period for filing a petition.

2. The question of whether an employe's death was caused by accident or occupational disease is to be determined by the jury from the evidence.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, and A. M. Van Duzer, for Chemical Company; Payer, Winch, Minshell & March, M. C. Harrison, C. N. Krieg, and S. C. Miller, for Emmons.